UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-367-RJC
(3:04-cr-217-RJC-DCK-1)

| | |
|---|---|
| KEITH M. BAKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) ("Johnson II").

**I.    BACKGROUND**

Petitioner was indicted in the underlying criminal case for a single count of possession of a firearm by a convicted felon. (3:04-cr-217, Doc. No. 1). He pled guilty without a plea agreement. See (3:04-cr-217, Doc. No. 19).

The PSR calculated the base offense level as 24 pursuant to U.S. Sentencing Guidelines § 2K2.1(a)(2). (PSR ¶ 13). However, Petitioner qualified as an armed career criminal with an offense level of 33 based on his prior New Jersey convictions for: distribution of cocaine (Case No. 3568-07-89); possession with intent to distribute cocaine within 1,000 feet of a school (Case No. 3568-07-89); robbery (Case No. 3712-08-89); and robbery and attempt to commit robbery (Case No. 1371-07-90). (PSR ¶ 21). He received a three-level reduction for acceptance of responsibility resulting in a total offense level of 30. (PSR ¶¶ 22, 23). Petitioner had ten criminal history points and a criminal history category of V, and the criminal history category as an armed career criminal

1

was also V. (PSR ¶ 39). The resulting guideline range was 180 to 188 months' imprisonment followed by at least three years, but not more than five years, of supervised release. (PSR ¶ 72, 75).

The Court accepted the PSR without change and sentenced Petitioner to 180 months' imprisonment followed by five years of supervised release. (3:04-cr-217, Doc. Nos. 21, 22). He did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on June 16, 2016. He argues that his prior convictions for New Jersey robbery are not "violent felonies" pursuant to <u>Johnson</u>, and accordingly his sentence exceeds the statutory maximum and violates due process. The Government argues that the New Jersey robbery convictions are violent felonies under ACCA's force clause and therefore Petitioner's ACCA sentence is legally sound.

**II. SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner argues that his sentence under the Armed Career Criminal Act ("ACCA") is illegal pursuant to Johnson II, because his prior New Jersey robbery convictions are not categorically violent felonies. The Court disagrees.

Individuals such as convicted felons are prohibited from shipping, possessing, and receiving firearms. 18 U.S.C. § 922(g). Violations are generally punishable by up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). ACCA increases a prison term to a minimum of 15 years and a maximum of life if the violator has three or more prior convictions for a "serious drug offense" or "violent felony." 18 U.S.C. § 924(e)(1). ACCA defines a "violent felony" as any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C.A. § 924(e)(2)(B).

Subsection (e)(2)(B)(i) is commonly referred to as the force clause. It applies only to those crimes that involve "violent force—that is, force capable of causing physical pain or injury to another person." See Johnson v. United States, 559 U.S. 133, 140 (2010) ("Johnson I"). The first portion of subsection (e)(2)(B)(ii) is referred to as the enumerated offenses clause, and the italicized portion is the residual clause. The United States Supreme Court has held the ACCA residual clause is void for vagueness. Johnson II, 135 S.Ct. at 2551. That holding is a retroactively applicable right. Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court has only invalidated ACCA's residual clause and "does not call into question application of the Act to

the four enumerated offenses, or to the remainder of the Act's definition of a violent felony." Johnson II, 135 S.Ct. at 2563; see United States v. Hemingway, 734 F.3d 323, 327 (4th Cir. 2013).

To determine if a prior conviction constitutes a "violent felony" under ACCA's force clause, courts typically use a "categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). However, a court may go "beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the offense]." Taylor, 495 U.S. at 602. When a prior conviction is for violating a "divisible statute"—one that sets out one or more of the elements in the alternative—courts use a "modified categorical approach" as a tool to identify the crime of conviction from among several alternatives. Mathis v. United States, 136 S.Ct. 2243 (2016); see Descamps v. United States, 570 U.S. 254, 263-64 (2013); United States v. Alston, 611 F.3d 219, 224 (4th Cir. 2010). A crime is "divisible" when it includes multiple "alternative elements" that create different versions of the crime, at least one of which would qualify under the federal definition and at least one of which would not. United States v. Gardner, 823 F.3d 793, 802 (4th Cir. 2016) (citing Descamps, 570 U.S. at 261-62). A crime is not divisible simply because it may be accomplished through alternative means, but rather, when alternative elements create distinct crimes. Omargharib v. Holder, 775 F.3d 192, 197-98 (4th Cir. 2014). Alternative elements of a crime, as opposed to alternative means of committing it, are "factual circumstances of the offense that the jury must find 'unanimously and beyond a reasonable doubt.'" Id. (citing United States v. Royal, 731 F.3d 333, 341 (4th Cir. 2013)); Descamps, 570 U.S. at 269-70). When applying the modified categorical approach, courts may only rely on documents with "the conclusive significance of a prior judicial record," such as charging papers, written plea

4

agreements, plea colloquy transcript, and jury instructions. Shepard v. United States, 544 U.S. 13, 20 (2005).

In determining whether an offense necessarily requires the use, attempted use, or threatened use of physical force within the meaning of ACCA, courts focus on "the minimum conduct necessary for a violation" under state law. Castillo v. Holder, 776 F.3d 262, 267 (4th Cir. 2015). To the extent the statutory definition of the prior offense has been interpreted by the state's appellate courts, that interpretation constrains the Court's analysis of the elements of state law. Castillo, 776 F.3d at 268 (quoting United States v. Aparicio-Soria, 740 F.3d 152, 154 (4th Cir. 2014) (*en banc*)). When the state's highest court has not engaged in such statutory interpretation, a state's intermediate appellate court decisions constitute the next best indicia of what state law is, although such decisions may be disregarded if the federal court is convinced by other persuasive data that the highest court of the state would decide otherwise. Id. at 268 n.3 (quoting Liberty Mut. Ins. Co. v. Triangle Indus., Inc., 957 F.2d 1153, 1156 (4th Cir. 1992)).

The New Jersey robbery statute at issue provides:

(a) *Robbery Defined*. A person is guilty of robbery if, in the course of committing a theft, he:

  1. Inflicts bodily injury or uses force upon another; or

  2. Threatens another with or purposely puts him in fear of immediate bodily injury; or

  3. Commits or threatens immediately to commit any crime of the first or second degree.

An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.

(b) *Grading*. Robbery is a second-degree offense, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone,

or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon.

N.J.S.A. 2C:15-1.

The parties correctly agree that the modified categorical approach applies because the New Jersey robbery statute is divisible. See (Doc. No. 7 at 2); United States v. Knight, 705 Fed. Appx. 58, 60-61 (3d Cir. 2017) (noting that the district court observed that § 2C:15-1 is divisible, and finding that Section 2:15-1(b) is itself divisible); Mathis, 136 S.Ct. at 2257 ("an indictment … could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each of which goes toward a separate crime."); State v. Gentry, 183 N.J. 30, 869 A.2d 880 (2005) (in second-degree robbery under § 2C15-1, use of force is an element, so the jury has to agree unanimously on which acts were committed against which victim).

The Shepard documents reveal that Petitioner pled guilty in New Jersey case number 1371-07-90, Count (1), to "commit[ting] a robbery upon [the victim] by putting her in fear of immediate harm and taking by force a pocketbook, MV keys and approximately $60 in food stamps." [1] (Doc. No. 6-2 at 1). This second-degree robbery charge includes allegations of force pursuant to § 2C:15-1(a)(1), as well as fear of immediate bodily injury pursuant to § 2C:15-1(a)(2). Petitioner is deemed to have pled guilty to the least culpable of these theories, in this case, the force provision in § 2C:15-1(a)(1).[2] See United States v. Vann, 660 F.3d 771l 774 (4th Cir. 2011) (a guilty plea admits

---

[1] The Court need not address whether Petitioner's conviction for first-degree robbery in Count (3) is a "violent felony" because Petitioner qualifies for ACCA sentencing based on the second-degree robbery charged in Count (1).

[2] The other alternative under which Petitioner was charged in Count (1), robbery by placing the victim in fear of immediate bodily injury pursuant to § 2C:15-1(a)(2), has as an element the use, threatened use, or attempted use of violent physical force and is therefore a violent felony under ACCA. See, e.g., United States v. Anderson, 2016 WL 6595909 (concluding that second-degree robbery pursuant to § 2C:15-1(a)(2) is a "crime of violence" for purposes of U.S. Sentencing Guidelines § 4B1.2(a)(1) because clearly involves an element of the use, attempted use, or threatened use of physical force against the person of another); see also United States v. Abdullah, 2018 WL 447617 (D.N.J. Jan 17, 2018), *appeal filed* Jan. 17, 2018, (concluding that New Jersey aggravated assault is a crime of violence under § 4B1.2(a) because causing "bodily injury" as defined by the New Jersey statutes necessarily requires the use of physical force against the person of another).

the "least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive.").

The question, then, is whether robbery by "inflicting force upon another" has as an element the use, threatened use, or attempted use of violent physical force capable of causing pain or physical injury to another. "Force" for purposes of the New Jersey robbery statute means:

> [A]n amount of physical power or strength used against the victim and not simply against the victim's property. The force need not entail pain or bodily harm and need not leave any mark. Nevertheless, the force must be greater than that necessary merely to snatch the object from the victim's grasp or the victim's person, and the force must be directed against the victim, not merely the victim's property.

N.J. Model Criminal Jury Charges, Robbery in the First Degree, N.J.S.A. 2C:15-1.

A simple snatching or sudden taking of property from the person of another does not involve sufficient force to constitute New Jersey robbery. State v. Sein, 124 N.J. 209, 216, 590 A.2d 665 (1991). Snatchings rise to the level of robbery only if they involve "some degree of force to wrest the object from the victim." Id. To "wrest" means to "pull, force, or move by violent wringing or twisting movements." Id. (quoting Webster's Third New International Dictionary 2640 (1971)). The force must be knowing; recklessness is insufficient to escalate a theft into a robbery. State v. Sewell, 127 N.J. 133, 603 A.2d 21 (1992).

The purposeful use of physical power, strength, or wresting from a person in § 2C:15-1(a)(1) requires more than minimal contact such as sudden snatching or pickpocketing. See State v. Smalls, 310 N.J. Super. 285, 708 A.2d 737 (1998) (pickpocketing the victim's wallet that bumped the victim did not involve force and therefore was not robbery); Sein, 124 N.J. 209, 590 A.2d 665 (simple snatching or sudden taking of property from the person of another does not involve sufficient force to constitute robbery). The required level of force is thus capable of causing pain or physical injury to another, even if pain or injury does not come to pass. See, e.g., United

States v. Pettis, 888 F.3d 962 (8th Cir. 2018) (Minnesota conviction for simple robbery is a violent felony because case law involving such convictions require the use of force capable of causing pain even if the victims did not actually suffer pain or injury); United States v. Swopes, 886 F.3d 668, 672 (8th Cir. 2018) (Missouri second-degree robbery statute that requires the use of force capable of preventing or overcoming resistance, for example, when there is a tussle rather than a mere snatching, is a violent felony under ACCA); Perez v. United States, 885 F.3d 984 (6th Cir. 2018) (New York second-degree robbery is a violent felony where the New York courts have largely construed the statute to "go beyond a mere touching and to include force that would cause pain to another" and does not include taking by sudden or stealthy seizure or snatching that is akin to pickpocketing or jostling); United States v. Doctor, 842 F.3d 306, 311 (4th Cir. 2016) (South Carolina strong-arm robbery is a violent felony because "there is no indication that South Carolina robbery by violence can be committed with minimal actual force.").

Section 2C:15-1(a)(1) is distinguishable from robbery statutes requiring only slight or minimal force, which are not ACCA violent felonies. See, e.g., United States v. Winston, 850 F.3d 677 (4th Cir. 2017) (Virginia common law robbery does not satisfy ACCA's force clause because it can be committed when a defendant only uses slight force that need not harm the victim, and appears to encompass a range of *de minimis* contact such as snatching or jerking that is not strong enough to cause the victim to fall); United States v. Gardner, 823 F.3d 793 (4th Cir. 2016) (North Carolina common law robbery is not a violent felony because it the degree of force used is immaterial; it can be satisfied with *de minimis* touching); United States v. Parnell, 818 F.3d 974, 979 (9th Cir. 2016) (Massachusetts armed robbery, which requires only "minimal, nonviolent force," such as purse snatching, does not qualify as a violent felony).

The Court therefore concludes that Petitioner's second-degree robbery conviction required sufficient physical force to qualify as a violent felony under ACCA. Petitioner has at least three prior violent felony convictions to support his ACCA sentence and his Johnson claim is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 19, 2018

Robert J. Conrad, Jr.
United States District Judge